**GARDY & NOTIS, LLP**
Mark C. Gardy
Jennifer Sarnelli
Orin Kurtz (*pro hac vice* to be filed)
560 Sylvan Avenue, Suite 3085
Englewood Cliffs, NJ 07632
Tel: (201) 567-7377
Fax: (201) 567-7337

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

*ELECTRONICALLY FILED*

| | |
|---|---|
| CARY M. DAVID, on behalf of herself and all others similarly situated, | No. _____ |
| Plaintiff, | |
| v. | |
| UNITED CONTINENTAL HOLDINGS, INC. and UNITED AIRLINES, INC., | |
| Defendants. | |

**CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff Cary M. David ("Plaintiff"), by and through her undersigned attorneys, alleges as follows:

1

# INTRODUCTION

1. Plaintiff, residing at 6 Witte Place, West Orange, New Jersey, brings this action for consumer fraud on behalf of a nationwide class, and a New Jersey sub-class under the New Jersey Consumer Fraud Act and New Jersey contract law, against Defendants United Continental Holdings, Inc. and United Airlines, Inc. ("Defendants"), headquartered at 233 S. Wacker Drive, Chicago, Illinois, on behalf of all consumers who purchased either in-flight DirecTV, or WiFi service (jointly the "Services") on an aircraft with a DirecTV satellite connection ("WiFi"), for use on United flights (the "Flights") that flew outside the continental United States. United offers DirecTV service and WiFi on some, but not all, of its flights. These services can be purchased for a fee. DirecTV and WiFi service work *only* when a plane is flying over the continental United States. Despite this known limitation, United sells these services to passengers on the Flights and fails to disclose that the services will not work as advertised when the aircraft is outside the continental United States or is over water. It is not until they have crossed U.S. borders or are over water, with no service, that customers learn that their DirecTV and/or WiFi service will not work for all or part of the flight. Despite knowing that DirecTV and/or WiFi will not work on flights (or portions thereof) over water or outside the U.S. Borders, United both advertises the availability of the Services and accepts payment for same from customers on those flights.

2. Although United does not disclose this fact to on-board purchasers, its website makes clear that "aircraft equipped with DIRECTV® will only have satellite coverage within the continental U.S.," and that on "aircraft equipped with DIRECTV [,] Wi-Fi access is limited to the continental United States." Neither of these facts is disclosed to passengers who purchase DirecTV and/or WiFi on board the plane, nor is this information made readily apparent to potential purchasers of the Services.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). The amount in controversy exceeds $5,000,000, exclusive of interest and costs. Diversity exists because Plaintiff, and a substantial yet unknown number of Class members, are citizens of states other than those in which Defendants are citizens.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391, because Defendants do business in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

5. Plaintiff Cary M. David ("Plaintiff") is a resident and citizen of the State of New Jersey. On or about Saturday February 21, 2015, Plaintiff purchased in-flight DirecTV service from Defendants. Plaintiff purchased the service on-

board with her credit card, on United flight 1142 from San Juan, Puerto Rico to Newark, New Jersey. At no time before or during the process of purchasing DirecTV service was Plaintiff informed that the DirecTV service Plaintiff purchased would not work during the flight. Because materially all of Plaintiff's flight was over water and/or outside of the continental United States, Plaintiff was unable to use the service from the time of purchase until shortly before the flight landed in New Jersey. For a flight of over 4 hours, Plaintiff was able to use DirecTV for approximately 10 minutes.

6. Defendants are incorporated in Delaware, with headquarters in Chicago, Illinois. Defendants operate a major airline, United Airlines, which flies domestically and internationally. Beginning in or about 2012, Defendants began offering in-flight DirecTV and WiFi (the "Services"). These Services are paid for by passengers through a point of sale terminal at a monitor located on the back of every seat aboard the aircraft, by swiping a credit card and authorizing the purchase. Defendants have earned millions of dollars, or more, from providing or purporting to provide in-flight DirecTV and WiFi service.

## **FACTS**

7. Beginning in or about 2012, Defendants began offering in-flight DirecTV and WiFi. These Services are now offered on hundreds of United aircraft.

8. DirecTV and WiFi are streamed to United's aircraft by satellite. On aircraft equipped with DirecTV, both DirecTV and WiFi are streamed to the aircraft through a DirecTV satellite connection.

9. In order to use the DirecTV or WiFi service, the consumer must pay a fee. For flights two hours in duration or shorter, the fee for DirecTV is $4.99. For flights over two hours in duration, the fee for DirecTV is $7.99.

10. On information and belief, the fee for WiFi service ranges from $4.95 to $49.00, depending on the type of device used (smartphone or computer) and the duration of the flight.

11. Neither DirecTV, nor WiFi on a plane with a DirecTV satellite connection, works when the plane flies outside the borders of the continental United States or over water.

12. United knows that DirecTV and WiFi do not work outside the continental United States, or over water, and states on its website that "aircraft equipped with DIRECTV® will only have satellite coverage within the continental U.S.," and that on "aircraft equipped with DIRECTV [,] Wi-Fi access is limited to the continental United States."

13. United knew that DirecTV did not work on UA1142 on Saturday February 21, 2015.

14. This information (that the Services do not work) is not disclosed to those who purchase DirecTV or WiFi on-board. It is not until after the purchase that the consumer learns he or she will not receive some or all of the service that has been paid for.

15. In fact, throughout the representative Flight (substantially all of which is over water) United advertised to passengers via the TV screen to "SWIPE NOW" to receive over 100 channels of DirecTV." Nowhere does United disclose that this advertisement is intentionally false, made to induce passengers to swipe their credit card in-flight, knowing that the Services passengers thought they were purchasing were unavailable.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), on behalf of herself and the following Class and Sub-Class:

**Nationwide Class:**

All consumers who purchased DirecTV service or WiFi service on a DirecTV equipped plane from January 1, 2012 through and including the date a judgment is entered in this action, for a flight that flew outside of the continental United States or over water.

**New Jersey Sub-Class**

All consumers who purchased DirecTV service or WiFi service on a DirecTV equipped plane from January 1, 2012 through and including the date a judgment is entered in this action, for a flight that originated

from or ended in New Jersey and flew outside of the continental United States or over water.

17.  Excluded from the Class and the Sub-Class are Defendants, as well as Defendants' affiliates, employees, officers and directors.  Plaintiff reserves the right to amend the definition of the Class and the Sub-Class, if discovery and/or further investigation reveals that the Class and/or Sub-Class should be expanded or otherwise modified.

18.  <u>Numerosity/Impracticability of Joinder</u>:  The members of the Class and Sub-class are so numerous that joinder of all members would be impracticable. The members of the Class and the Sub-Class are readily identifiable from information and records in Defendants' possession, custody or control, including but not limited to records showing the purchase of DirecTV and WiFi by credit card.

19.  Plaintiff reasonably estimates that there are thousands of Class members who purchased the services complained of herein, and at least hundreds, if not thousands, of members of the Sub-Class who purchased the same services.

20.  <u>Commonality and Predominance</u>:  Common questions of law and fact predominate over any questions affecting only individual members of the Class and the Sub-Class.  These common legal and factual questions, which do not vary from one Class or Sub-Class member to another, and which may be determined

without reference to the individual circumstances of any Class or Sub-Class member, include, but are not limited, to the following:

 a. Whether Defendants intentionally or negligently omitted and/or concealed material facts from Plaintiff and the Class and Sub-Class regarding DirecTV and WiFi services;

 b. Whether, by the misconduct set forth in this Complaint, Defendants have engaged in unfair or unlawful business practices with respect to the sale of DirecTV and/or WiFi;

 c. Whether Defendants had a duty to disclose the fact that DirecTV and WiFi services do not work on flights outside of the continental United States or over water;

 d. Whether, by their conduct, Defendants violated the New Jersey Consumer Fraud Act and/or other consumer protection statutes;

 e. Whether, by their conduct described herein, Defendants breached their contracts with Plaintiff and the Class and Sub-Class;

 f. Whether, as a result of Defendants' misconduct, Plaintiff and the Class and Sub-Class are entitled to damages; and;

 g. Whether, as a result of Defendants' misconduct, Plaintiff and the Class and Sub-Class are entitled to injunctive relief, equitable relief and/or

other relief, including treble damages under the New Jersey Consumer Fraud Act and, if so, the nature of such relief.

21. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class and Sub-Class, because Plaintiff and all Class members were injured by the same wrongful practices in which Defendants engaged. Plaintiff's claims arise from the same practice and course of conduct that gives rise to the claims of Class and Sub-Class members, and are based on the same or similar legal theories. The only difference could be the amount of damages sustained, which can be determined readily, and does not bar class certification.

22. <u>Adequacy</u>: Plaintiff will fully and adequately protect the interests of the members of the Class and the Sub-Class, and has retained class counsel who are experienced and qualified in prosecuting class actions, including consumer class actions and other forms of complex litigation. Neither Plaintiff nor her counsel has interests which are contrary to or conflicting with those of the Class or the Sub-Class. Defendants have no defenses unique to Plaintiff.

23. <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons:

    a. It is economically impractical for members of the Class and Sub-Class to prosecute individual actions;

9

    b. The Class and Sub-Class are readily definable;

    c. Prosecution as a class action will eliminate the possibility of repetitious litigation; and

    d. A class action will enable claims to be handled in an orderly and expeditious manner. A class action will save time and expense and will ensure uniformity of decisions.

24. Plaintiff does not anticipate any difficulty in the management of this litigation.

25. Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

26. <u>Ascertainability</u>: Defendants have, or have access to, the identity of each Class or Sub-Class member. In order to purchase DirecTV and/or WiFi, a passenger must use a credit card which will provide identifying information, and have purchased a plane ticket, identifying which passenger was in the seat where the Service was purchased.

## Notice to New Jersey Attorney General

27. A copy of this Complaint will be mailed to the Attorney General of the State of New Jersey as required by N.J.S.A. § 56:8-20.

## COUNT I

### Asserted On Behalf Of The Nationwide Class
### (<u>Consumer Fraud</u>)

28. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

29. Defendants' failure to disclose to onboard purchasers that DirecTV and/or WiFi service would not work outside of the continental United States or over water was deceptive, unconscionable, unfair, or otherwise constituted consumer fraud.

30. As a result of Defendants' conduct, Plaintiff and the Nationwide Class have been harmed.

## COUNT II

### Asserted On Behalf Of The Nationwide Class and the New Jersey Sub-Class
### (<u>Breach of Contract</u>)

31. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

32. By purchasing DirecTV or WiFi service from Defendants, Plaintiff and the Class and/or Sub-Class entered into contracts with Defendants.

33. Plaintiffs paid for the services, thereby performing under the contracts.

34. Defendants failed to provide service, as alleged herein, thus breaching their contracts with Plaintiff and the Class and or Sub-Class.

35. Plaintiff and the Class and/or Sub-Class were harmed thereby.

## COUNT III

### Asserted On Behalf Of The Nationwide Class and the New Jersey Sub-Class (Unjust Enrichment)

36. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

37. Plaintiff and the Class and/or Sub-Class conferred a benefit on Defendants by purchasing DirecTV and/or WiFi service.

38. Defendants have been unjustly enriched in retaining the revenues derived from Class members' and/or Sub-Class members' purchases of DirecTV and/or WiFi service, which retention under the circumstances set forth herein is unjust and inequitable because Defendants knew, yet failed to disclose to on-board purchasers, that these services would not work for some or all of the Flights.

39. Because Defendants' retention of the non-gratuitous benefit conferred on them by Plaintiff and the Class and/or Sub-Class is unjust and inequitable, Defendants must pay restitution to Plaintiff and the Class and/or Sub-Class for their unjust enrichment.

## COUNT IV

### Asserted On Behalf Of The New Jersey Sub-Class
### (Violations Of New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1 *et seq.*))

40. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

41. Plaintiff, other members of the Sub-Class, are "persons" within the meaning of the CFA.

42. Plaintiff and other members of the Sub-Class are "consumers" within the meaning of the CFA.

43. The DirecTV and WiFi services are "merchandise" within the meaning of the CFA.

44. At all relevant times material hereto, Defendants conducted trade and commerce in New Jersey and elsewhere within the meaning of the CFA.

45. The CFA is, by its terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under separate statutory schemes.

46. Defendants' failure to disclose that DirecTV and/or WiFi would work over the continental United States and land only was an unconscionable commercial practice, was deceptive, and/or was a knowing concealment, suppression or omission of material fact in connection with the sale of DirecTV and WiFi services, and therefore was a violation of the CFA.

47. Defendants intended that Plaintiff and the Sub-Class rely on Defendants' acts of concealment and omissions, so that Plaintiff and other Sub-Class members would purchase DirecTV and/or WiFi service.

48. Had Defendants disclosed all material information regarding the services including the fact that the Services would only work when flying over the continental United States, to Plaintiff and the Sub-Class, they would not have purchased the services and/or would have paid less for the services.

49. The foregoing acts, omissions and practices proximately caused Plaintiff and other members of the Class to suffer an ascertainable loss in the form of, *inter alia,* monies spent to purchase the services, together with appropriate penalties, including treble damages, attorneys' fees and costs of suit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and on behalf of the Class and the Sub-Class prays:

A. For an order certifying this action as a class action, appointing Plaintiff as representative of the Classes and appointing his attorneys as counsel for the Classes;

B. For all compensatory damages on all applicable claims in an amount to be proven at trial;

C.    For treble damages under the New Jersey Consumer Fraud Act and liquidated damages as available under all the consumer fraud acts of all other states;

D.    For an order permanently enjoining Defendants from engaging in the unlawful practices alleged herein;

E.    For an award of attorneys' fees, costs and expenses; and

F.    For such other and further relief that the Court deems appropriate and just under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

DATED: March 13, 2015    **GARDY & NOTIS, LLP**

By: /s/*Jennifer Sarnelli*
Mark C. Gardy
Jennifer Sarnelli
Orin Kurtz (*pro hac vice* to be filed)
560 Sylvan Avenue, Suite 3085
Englewood Cliffs, NJ 07632
Tel: (201) 567-7377
Fax: (201) 567-7337
mgardy@gardylaw.com
jsarnelli@gardylaw.com
okurtz@gardylaw.com

David L Eisbrouch, Esq.
Eisbrouch Marsh, LLC
50 Main St
Hackensack, NJ 07601
Tel: (201) 342-5545

Fax: (201) 342-3211
deisbrouch@emlawoffices.com

*Attorneys for Plaintiff*